**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8645-GW-JCx | Date | December 9, 2019 |
|---|---|---|---|
| Title | *Kimberly Bailey v. Extended Stay America, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Philip L. Marchiondo | Angela G. Kim | |

**PROCEEDINGS:** **PLAINTIFF'S MOTION TO REMAND [8]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would GRANT the Motion and would remand this case to the Los Angeles County Superior Court.

: 04

Initials of Preparer JG

### I. Background

On June 27, 2019 Kimberly Bailey ("Plaintiff") filed this action in the Los Angeles County Superior Court asserting claims for general negligence and premises liability against Extended Stay America, Inc. ("Defendant"). *See generally* Complaint ("Complaint"), Docket No. 1-1. Plaintiff alleges that on March 4, 2018, while staying as a guest at an Extended Stay America hotel in Gardena, CA, she was injured when she slipped and fell on the bathroom floor as a result of water that had leaked from the sink and/or toilet. *See* Complaint at 11. The Complaint indicates that damages exceeds $25,000, but it does not contain any averment as to the amount of damages although it does contain a page wherein she has checked-off that she has suffered "wage loss," "hospital and medical expenses," "general damages," "loss of earning capacity," and "other damage." *Id.* at 10.

On October 8, 2019, Defendant removed the case to this Court based on diversity jurisdiction, alleging that Plaintiff is a citizen of California and Defendant is a Delaware corporation with its principal place of business in North Carolina. *See* Notice of Removal ("NOR") ¶¶ 3, Docket No. 1. In its Notice of Removal, Defendant also alleged that the amount in controversy exceeds $75,000. *See id.* ¶ 4.

On November 7, 2019, Plaintiff filed a motion to remand ("Motion"), arguing that Defendant did not provide any foundation for its assertion that the amount in controversy exceeds $75,000. *See generally* Notice of Motion and Motion to Remand ("Motion", Docket No. 8. In its opposition to the Motion, Defendant asserts that although Plaintiff's complaint does not include a specific dollar figure for damages, "it does include substantial damage allegations, encompassing wage loss, hospital and medical expenses, general damage, loss of earning capacity, and other unspecified damages, which are sufficient to alert a defendant that the plaintiff may be seeking an amount in excess of the diversity requirement." *See* Memorandum of Points and Authorities in Opposition to Motion to Remand ("Opp."), 1, Docket No. 11. Furthermore, Defendant argues that defense counsel attempted in good faith to confirm the amount in controversy but did not receive the requested information from Plaintiff's counsel. *See id.*

1

## II. Legal Standard

The Court has an obligation to ensure that subject matter jurisdiction exists before proceeding. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). "The party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). The matter in controversy must also "exceed[] the sum "or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Where a plaintiff's complaint is silent regarding damages, the removing defendant bears the burden of establishing that the amount in controversy exceeds the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The Ninth Circuit strictly construes the removal statute against removal jurisdiction, and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Parties may submit evidence outside the complaint when supporting or challenging removal, such as affidavits, declarations, and other summary-judgment type evidence. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Ramirez v. Benihana Nat'l Corp.*, No. 18-CV-05575-MMC, 2019 WL 131843, at *2 (N.D. Cal. Jan. 8, 2019) (holding that defendant established the amount in controversy requirement by a preponderance of the evidence where defendant relied on declarations as evidence for its calculation). A removing "defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. In some instances, assessing damages at this stage requires a chain of reasoning that includes assumptions, and "[w]hen that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* at 1199.

## III. Analysis

It is quite evident that Defendant has failed to meet its burden to prove that the amount in controversy exceeds the minimum jurisdictional threshold. Although the Court may consider

2

summary judgment type evidence to determine whether the amount in controversy is met, the Court will not require Plaintiff to submit such evidence, or to undergo discovery into the amount in controversy, where there is no basis in the complaint to conclude that the amount in controversy exceeds $75,000. Although there are instances in which the Court would infer that the amount in controversy exceeds the jurisdictional threshold from the facts pled, a basic slip-and-fall case with no allegations of severe injury is not such a case. Although Plaintiff seeks damages for wage loss, hospital and medical expenses, and loss of earning capacity, the Court would not infer from the Complaint that such damages would necessarily amount to nearly $75,000 given the nature of the accident which caused the alleged injury. Thus, the Court would remand this case to state court.

### IV.     Conclusion

Based on the foregoing, the Court would **GRANT** the Motion and would remand this case to the Los Angeles County Superior Court.